UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HEALY,<br><br>    Plaintiff,<br><br>  v.<br><br>MARTY MARTEL, et al.,<br><br>    Defendants. | No. 2:17-cv-1671 KJM DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Before the court are plaintiff's motion to proceed in forma pauperis ("IFP"), plaintiff's complaint for screening, and plaintiff's motion for the appointment of counsel due to his lack of education and other factors. For the reasons set forth below, the court will grant plaintiff's IFP motion, give plaintiff leave to file an amended complaint, and deny plaintiff's motion for the appointment of counsel.

## IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Analysis**

**A. Allegations of the Complaint**

Plaintiff is currently incarcerated at the California Health Care Facility ("CHCF"). His claims involve conduct that occurred at CHCF and at the California Medical Facility ("CMF"). Plaintiff identifies the following defendants: (1) Marty Martel, Warden at CHCF; (2) Brian Duffy, Former Warden of CHCF and CMF; (3) Joseph Bicks, Chief Medical Officer ("CMO") at

3

CMF; (4) Warhover, Physician's Assistant at CMF; (5) R.L. Andreasen, CMO at CMF; (6) Dr. Shagufta Yasmeen at CHCF; (7) Dr. G. Williams at CHCF; (8) Dr. Sahir Naseer at CHCF; (9) Galen H. Church, Chief Medical Executive at CHCF; (10) Butts, CMO at CHCF; and (11) Amy Adams, CMO at CHCF. (Compl. at 1-A (ECF No. 1 at 14).)

Plaintiff sets out eight claims for relief. In each he contends defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. In his first claim, plaintiff contends that a 1999 lawsuit showed he needed a total knee replacement. He states that "all the defendants listed" have had a chance to replace his knee and never did so. As a result, he is "an invalid" who is confined to a wheelchair. (Compl. at 3 (ECF No. 1 at 3).)

In his second claim, plaintiff states that in 2005 he fell at CMF and "nurses wouldn't help me off [the] floor." They made him get up and in doing so he tore all the tendons in his right foot and ankle. As a result, his leg is deformed from the knee down. He states that he does not recall the nurses' names, but that defendants Bicks, Warhover, Andreasen, Duffy "should have made sure I got torn tendons fixed" and "the rest of the defendants until now should have fixed it." (Id. at 4.)

In his third claim, plaintiff contends that in 2003, he was supposed to have surgery on both his lower back and neck. However, the surgery was only done on his neck. He states he has bad back pain and his neck has gotten worse. Plaintiff again states that all defendants "should have made sure he got surgery." He also states that he has been telling Drs. Yasmeen and Naseer about his back and neck pain but they have refused to order tests to find out what is wrong. (Id. at 5.)

In his fourth claim, plaintiff states that in 2007 he developed leg wounds caused by the MRSA bacteria.[1] Ten years later, he still has them because prison doctors have not followed the recommendations of outside wound care specialists. Plaintiff states that defendant Warhover was his doctor in 2007 and she failed to properly treat the wounds. Defendant Yasmeen is his current

---

[1] According to the Mayo Clinic's website, MRSA stands for "Methicillin-resistant Staphylococcus aureus" infection. It is caused by a staph bacteria that has become resistant to many antibiotics. See https://www.mayoclinic.org/diseases-conditions/mrsa/symptoms-causes/syc-20375336.

4

doctor and has also failed to provide proper treatment resulting in four wounds becoming twenty wounds. He contends the wounds have caused him "unbelievable pain." (Id. at 5A (ECF No. 1 at 7).)

In his fifth claim, plaintiff contends that in January 2016, he was attempting to move a box and "felt something rip in my left shoulder." His arm became very painful and he could not move it. He saw Dr. Yasmeen in February 2016. Xrays showed likely rotator cuff problems. However, Dr. Yasmeen told him it was just arthritis and sent him to physical therapy. He was unable to do the exercises due to pain. He then saw defendant Dr. Williams who reported that plaintiff was faking an injury. After eleven months, Dr. Yasmeen ordered an MRI of his shoulder. It showed tears in his shoulder. In February 2017 he saw a surgeon who recommended surgery. However, defendant Dr. Naseer will not let plaintiff have the surgery. As a result of the injury, plaintiff has pain and is unable to use his left arm to help with transfers between his bed and toilet and his wheelchair. (Id. at 5B-C (ECF No. 1 at 8-9).)

In his sixth claim, plaintiff states that he has fallen multiple times when trying to transfer in and out of his wheelchair. Occupational therapy recommended a "bedside commode," a shower chair with a commode, in 2015. However, defendant Yasmeen refused to order one for plaintiff. Plaintiff also saw defendant Williams who told him that he felt a shower chair over a toilet was not safe. Plaintiff states that he fell again recently and suffered head and foot injuries. He states that both defendant Naseer and Adams are aware of these injuries but have done nothing. (Id. at 5D (ECF No. 1 at 10).)

In his seventh claim, plaintiff contends a childhood accident left him very sensitive to bright lights. He states that CMF gave him dark glasses, which helped. When he arrived at CHCF, an eye doctor diagnosed "severe photophobia" and told plaintiff he needed a darkened room and "solar shield glasses." In 2013 or 2014, a doctor prescribed these things. However, for the last three and a half years, plaintiff has requested a darkened cell and solar shield glasses from defendant Yasmeen, but she refused to provide them. Both defendants Yasmeen and Naseer refuse to renew his chrono for a darkened, single cell. In addition, eye doctors have recommended that plaintiff be provided a magnifier for reading, but he has never received one.

Plaintiff states that light causes stabbing pain in his eyes and migraines. (Id. at 5E-F (ECF No. 1 at 11-12).)

In his eighth claim, plaintiff contends he was taking 40 mgs. of methadone for pain for four years and, while it has not completely controlled his pain, it has allowed him to "perform life's basic necessities." Then in May 2016, he discovered his methadone dose had been cut in half by defendant Yasmeen. He was then being given 20 mgs. three times a day. The dose continued to be reduced until he was given only 10 mgs. twice a day. Plaintiff contends defendants Yasmeen and Williams falsified records to justify reducing his dosage. Plaintiff states that more recently, defendant Naseer "took the last 20 mg. of pain medication." The court assumes plaintiff means that Naseer discontinued the methadone. Plaintiff states that he is in constant and bad pain. (Id. at 5G (ECF No. 1 at 13).)

For relief, plaintiff seeks compensatory and punitive damages and injunctive relief in the form of orders requiring CHCF to provide plaintiff with multiple surgeries, other medical accommodations, and pain medication. (Id. at 6 (ECF No. 1 at 6).)

**B. Does Plaintiff State Claims Cognizable under 42 U.S.C. § 1983?**

**1. Legal Standards for Eighth Amendment Medical Claims**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious
////

deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of

mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**2. Analysis**

Plaintiff has sufficiently alleged that he has serious medical needs. However, plaintiff fails to show how most defendants have been deliberately indifferent to those needs. Simply stating that all defendants should have done something is insufficient. To state a claim under the Eighth Amendment, plaintiff must describe in detail what each defendant did, or did not do. To the extent plaintiff states that some defendants were aware of his injuries or conditions and failed to help him, plaintiff must set out facts establishing how those defendants knew about his medical needs and explain why those defendants could have provided plaintiff medical care, but failed to do so. Further, plaintiff should take note that supervisors are not liable for the actions of their employees. To state a claim against supervisory personnel, plaintiff must show that the supervisor was, in fact, aware of plaintiff's medical need, could have acted to help plaintiff, and failed to act.

### a. Potentially Cognizable Claims

The court finds plaintiff has stated the following potentially cognizable Eighth Amendment claims:

(1) In Count #3 – Defendants Yasmeen and Naseer failed to provide medical care to address plaintiff's back and neck pain;

(2) In Count #4 – Defendant Yasmeen failed to adequately treat plaintiff's leg wounds.

(3) In Count #5 – Defendants Yasmeen and Naseer failed to provide adequate medical care for plaintiff's shoulder injury;

(4) In Count #6 – Defendants Yasmeen and Williams failed to provide plaintiff appropriate accommodations to allow him to use the toilet in his cell;

(5) In Count #7 – Defendants Yasmeen and Naseer failed to provide plaintiff appropriate accommodations for plaintiff's light sensitivity;

(6) In Count #8 – Defendants Yasmeen, Naseer, and Williams failed to provide plaintiff appropriate pain medication.

### b. Claims that may be Untimely

The court notes that plaintiff may have stated one additional cognizable claim. Plaintiff alleges defendant Warhover failed to diagnose and treat his leg wounds. While these allegations may be minimally sufficient to allege an Eighth Amendment claim, plaintiff states that Warhover's conduct occurred in 2007. Plaintiff is advised that the statute of limitations under § 1983 may bar this claim against defendant Warhover. Below, the court sets out the legal standards for the statute of limitations. If plaintiff feels his claims against Warhover are timely, then he may allege those claims in his amended complaint with an explanation about why they are not barred by the statute of limitations. In addition, if he amends his complaint, plaintiff should consider whether actions of other defendants, which appear to have occurred as early as 1999, are timely.

For actions under 42 U.S.C. § 1983, this court applies California's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas,

393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002). In California, the statute of limitations for personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).

This limitations period is statutorily tolled for a period of two years for a person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Cal. Code Civ. Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).

Also in California, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). Because administrative exhaustion is statutorily required of prisoner civil rights complaints under the Prison Litigation Reform Act (PLRA), see 42 U.S.C. § 1997e(a), this requirement provides a federal statutory basis to invoke the state's equitable tolling. See, e.g., Johnson v. Rivera, 272 F.3d 519 (7th Cir. 2001)

Additionally, "[u]nder California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (citation omitted); see also Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003) ("This court has applied equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice."); but see Diggs v. Williams, No. CIV S-05-1168 DFL GGH P, 2006 WL 1627887, at *3 (E.D. Cal. June 8, 2006) ("California courts have declined to find equitable tolling in cases where the plaintiff's own conduct delayed the prosecution of his previous action."), rep. and reco. adopted, 2006 WL 2527949 (E.D. Cal. Aug. 31, 2006).

"Although state law determines the length of the limitations period, 'federal law determines when a civil rights claim accrues.'" Azer, 306 F.3d at 936 (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers

v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

### c. Conclusion

The court finds plaintiff has alleged some potentially cognizable Eighth Amendment claims against defendants Yasmeen, Naseer, and Williams. The court further finds that because plaintiff is alleging actions by Warhover that occurred ten years ago, he has failed to state a cognizable claim against Warhover. If plaintiff feels this claim is not barred by the statute of limitations, he may include it in an amended petition with an explanation of why it is not so barred.

Plaintiff has not sufficiently stated Eighth Amendment claims against the remaining defendants. Those defendants will be dismissed from this action. However, the court will give plaintiff the opportunity to file an amended complaint to state claims against those defendants. If plaintiff chooses not to do so, this case will proceed on plaintiff's claims against Yasmeen, Naseer, and Williams as described above.

## FILING AN AMENDED COMPLAINT

As set out above, plaintiff fails to state a cognizable Eighth Amendment claims against defendants Martel, Duffy, Bicks, Warhover, Andreasen, Church, Butts, and Adams. He will be given an opportunity to do so.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally

participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel on the grounds that he has less than a fourth grade level of educational competence, that he needed help to file his complaint, that he has nerve damage that makes it difficult for him to write, and that he has vision and mobility problems. (ECF No. 3.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff has stated potentially cognizable claims against defendants Yasmeen, Naseer, and Williams as described above.
4. Plaintiff's claims against defendants Martel, Duffy, Bicks, Warhover, Andreasen, Church, Butts, and Adams are dismissed with leave to amend.
5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. If plaintiff does not file an amended complaint, this case will proceed on plaintiff's

13

claims in his original complaint against defendants Yasmeen, Naseer, and Williams as described above.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

7. Plaintiff's motion for the appointment of counsel (ECF No. 3) is denied without prejudice.

Dated: December 14, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/heal1671.scrn