UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HEALY,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTY MARTEL, et al.,<br><br>    Defendants. | No. 2:17-cv-1671 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Before the court is plaintiff's second amended complaint ("SAC") for screening. For the reasons set forth below, the court finds service of the SAC appropriate for defendants Yasmeen, Naseer, Williams, and Adams. In addition, the court recommends dismissal of defendants Lewis, Church, Singh, Ikegbu, and Malakkla.

**BACKGROUND**

Plaintiff filed his original complaint on August 11, 2017. (ECF No. 1.) On screening, the court found plaintiff stated some potentially cognizable Eighth Amendment deliberate indifference claims against defendants Yasmeen, Naseer, and Williams. (ECF No. 7.) However, the court found plaintiff failed to state claims against the remaining eight defendants. Those

////

1

defendants were dismissed and plaintiff was given the opportunity to file an amended complaint. On January 18, 2018, plaintiff filed a first amended complaint ("FAC"). (ECF No. 10.) The court found plaintiff stated cognizable Eighth Amendment claims against defendants Yasmeen, Naseer, Williams, and Adams but failed to state claims against defendants Lewis, Church, Singh, Ikegbu, or Malakkla. (Feb. 27, 2018 Order (ECF No. 12).) Plaintiff was again given the opportunity to file an amended complaint and, he did so. (SAC (ECF No. 13).)

**SCREENING**

The court has set out the standards for screening complaints under § 1983 for Eighth Amendment medical claims twice previously and will not repeat them. In sum, to proceed with this action, plaintiff must set out facts showing that he has a serious medical need and showing conduct by each defendant that demonstrates deliberate indifference to that medical need. In the SAC, plaintiff raises the same eight claims he raised in the FAC against the same nine defendants. He adds some new allegations. The court examines each claim below.

**I.     Claim One**

Plaintiff states that he has been diagnosed with the following problems in his left knee: torn/missing anterior cruciate ligament, torn medial collateral ligament, torn/missing meniscus, and severe degenerative joint disease. He states that knee replacement surgery was recommended in the past. Plaintiff contends that he has discussed his knee pain with defendants Yasmeen and Naseer "extensively" and they have done nothing to repair his knee or alleviate the pain. Plaintiff says he is unable to stand or walk and is in terrible pain. (SAC (ECF No. 13 at 9).) The court finds plaintiff's allegations minimally sufficient to state an Eighth Amendment claim against defendants Yasmeen and Naseer.

**II.    Claim Two**

In his second claim, plaintiff states that as a result of a fall in 2005, he has torn tendons in his right foot and ankle. He contends he further injured his right foot in 2016 in a fall. Since then, plaintiff has been unable to support his weight with his right leg and is in terrible pain. He states that he has discussed this with defendants Yasmeen and Naseer many times but they have
////

2

refused to "discuss any solutions for the injury or pain." (SAC (ECF No. 13 at 10).) Again, plaintiff has stated a minimally sufficient claim against defendants Yasmeen and Naseer.

**III.    Claims Three and Four**

These claims are identical to claims three and four in the FAC. The court previously found plaintiff stated a potentially cognizable claim regarding his back and neck pain against defendants Yasmeen, Naseer, and Williams (claim three) and a potentially cognizable claim against defendants Yasmeen and Naseer for failure to treat his leg wounds (claim four). (ECF No. 12 at 6-8.)

**IV.    Claim Five**

Plaintiff's allegations against defendants Yasmeen and Naseer are the same as those stated in his first amended complaint. The court previously found these allegations sufficient to state potentially cognizable claims against these defendants with respect to their treatment of plaintiff's shoulder injury. (ECF No. 12 at 8-9.)  Plaintiff also makes allegations here against defendant Williams. He states that Williams was aware of his likely rotator cuff tear and, after he had plaintiff perform range of motion movements, lied in the report he made about plaintiff's abilities. Plaintiff contends that Williams' report contributes to doctors' decisions to deny him shoulder surgery. (See SAC (ECF No. 13 at 14).)

Even taking plaintiff's allegations as true, he fails to state an Eighth Amendment claim against defendant Williams. Even if Williams misrepresented plaintiff's abilities in his report, this is insufficient to show he was deliberately indifferent to plaintiff's medical needs. Plaintiff does not allege that Williams personally denied him treatment, provided unacceptable medical care, or knew that his report would cause plaintiff to receive unacceptable medical care.

Generally, prisoners do not have a constitutionally protected right to be free from inaccurate information being placed in their files. See Davis v. Paramo, No. 16cv689 BEN(JMA), 2017 WL 2578747, at *14 (S.D. Cal. June 13, 2017) (no independent right to accurate medical record), rep. and reco. adopted, 2017 WL 2959170 (S.D. Cal. July 11, 2017); cf. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (re prisoner's central file); Alvarez v. Horel, No. C 06-5631 SBA(PR), 2009 WL 1370895, at *4 (N.D. Cal. May 14, 2009) (same).

3

Plaintiff's claim against Williams for the treatment of his shoulder should be dismissed.

**V.      Claims Six, Seven, and Eight**

Plaintiff's claims six, seven, and eight are identical to his prior claims. The court previously found plaintiff stated potentially cognizable claims (1) that defendants Yasmeen, Naseer, Williams, and Adams failed to provide him appropriate accommodations to allow him to safely use the toilet (claim six); (2) against defendants Yasmeen, Naseer, and Adams for failing to provide proper treatment for his eye sensitivities (claim seven); and (3) that defendants Yasmeen, Williams, and Naseer failed to properly treat his pain. (ECF No. 12 at 9-11.)

**VI.     Conclusion**

The court finds plaintiff has alleged the following potentially cognizable Eighth Amendment claims:

(1) failure to treat his left knee condition and related pain against defendants Yasmeen and Naseer (claim 1);

(2) failure to treat his right foot and ankle condition and related pain against defendants Yasmeen and Naseer (claim 2);

(3) failure to treat his back and neck pain against defendants Yasmeen, Naseer, and Williams (claim 3);

(4) failure to treat his leg wounds and infection against defendants Yasmeen, Naseer, and Adams (claim 4);

(5) failure to treat his shoulder injury against defendants Yasmeen and Naseer (claim 5);

(6) failure to provide appropriate accommodations to allow plaintiff to use the toilet safely against defendants Yasmeen, Williams, and Naseer (claim 6);

(7) failure to treat his eye sensitivities against defendants Yasmeen, Naseer, and Adams (claim 7); and

(8) failure to provide appropriate pain medication against defendants Yasmeen, Naseer, and Williams (claim 8).

////

////

In his SAC, plaintiff makes no attempt to amend his allegations against defendants Lewis, Church, Singh, Ikegbu, or Malakkla. Those allegations are identical to the allegations he made against these defendants in the FAC. The court previously found those allegations insufficient to state cognizable claims. (ECF No. 12.) For the reasons set forth in the February 27 order, the court will recommend dismissal of these defendants. In addition, the court finds herein that plaintiff fails to state a cognizable claim against defendant Williams regarding the treatment of his shoulder injury. The court will recommend dismissal of this claim as well.

In the February 27 order, plaintiff was informed that the SAC was his final opportunity to assert claims against each defendant. (ECF No. 12 at 11.) Plaintiff has amended his complaint sufficiently to allege potentially cognizable claims against some defendants. Plaintiff has made no attempt to amend his complaint to state claims against the other defendants. The court finds no reason to permit further opportunities to amend the complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has stated potentially cognizable claims against defendants Yasmeen, Naseer, Williams, and Adams as described above. Therefore, service of the second amended complaint is appropriate for these four defendants.

2. The Clerk of the Court shall send plaintiff four (4) USM-285 forms, one summons, an instruction sheet, and a copy of the second amended complaint filed April 2, 2018.

3. Within thirty (30) days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all the following documents to the court at the same time:

   a. The completed, signed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 1 above; and

   d. Five (5) copies of the endorsed amended complaint filed April 2, 2018.

4. Plaintiff shall not attempt to effect service of the amended complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve

the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims against defendants Lewis, Church, Singh, Ikegbu, or Malakkla be dismissed without leave to amend.

2. Plaintiff's claim against defendant Williams for the treatment of his shoulder injury (claim 4) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/heal1671.SAC scrn

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HEALY,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTY MARTEL, et al.,<br><br>    Defendants. | No. 2:17-cv-1671 KJM DB P<br><br>NOTICE OF SUBMISSION |

Plaintiff submits the following documents in compliance with the court's order filed
_____:

\_\_\_\_    completed summons form

\_\_\_\_    completed USM-285 forms

\_\_\_\_    copies of the _____
                    Complaint

DATED:

_____
Plaintiff